IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHEARSON HAUGHTON                                                               PLAINTIFF

V.                                           CIVIL ACTION NO. __3:20-cv-723-HTW-LRA____

JA-CO FOODS, INC d/b/a SONIC DRIVE-IN'S                     DEFENDANT

COMPLAINT

*** JURY TRIAL DEMANDED ON ALL COUNTS ***

Plaintiff Shearson Haughton files her Complaint against Defendant JA-Co Foods, Inc. d/b/a Sonic Drive-In's as follows:

**Parties**

1.     Plaintiff Shearson Haughton (hereinafter "Ms. Haughton") is an adult resident citizen of Monroe County, Mississippi.

2.     Defendant JA-Co Foods, Inc. d/b/a Sonic Drive-In's (hereinafter "Sonic") is a Mississippi corporation. It may be served with process by delivering the Summons and Complaint to its registered agent, Ernie L. Jacobsen, 111 Maxwell Lane, Columbus, MS 39702.

**Jurisdiction, venue and timeliness**

3.     This Court has personal jurisdiction over Sonic because it is a Mississippi corporation doing business in Mississippi.

1

4. This Court is the appropriate venue for this action pursuant to 28 U.S.C Sections 1391(b)(1) and (2).

5. This Court has subject matter jurisdiction over the federal claims asserted in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1343, and it has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

6. The events giving rise to Ms. Haughton's Complaint are alleged by her to have occurred in December of 2019.

7. On or about March 12, 2020, Ms. Haughton filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Sonic. *See* Exhibit "1" hereto.

8. The Charge was filed in a timely manner. *See* 42 U.S.C. §2000e-5.

9. On August 18, 2020, the EEOC issued Ms. Haughton a Right-to-Sue letter. *See* Exhibit "2" hereto.

10. This Complaint has been filed within 90 days of Ms. Haughton's receipt of her Right-to-Sue letter and is, therefore, filed in a timely manner. *See* 42 U.S.C. §2000e-5.

11. Sonic is engaged in an industry affecting commerce and had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. *See* 42 U.S.C. §2000e.

**Statement of the facts**

12. Ms. Haughton went to work for Sonic on November 11, 2019.

13. On December 22, 2019, Sonic's manager, Eric Ellis, sexually harassed and assaulted Ms. Haughton.

14. Specifically, after Ms. Haughton bent over to fix a garbage bag that fell in the garbage can, Mr. Ellis came up behind her and began "humping" her from behind.

15. In response, Ms. Haughton went home, called the police, and pressed criminal charges against Mr. Ellis.

16. In addition, the next day, Ms. Haughton contacted the corporate offices and spoke to Anetha Howard, who is believed to work in the human resources department.

17. Ms. Howard was indifferent to Ms. Haughton's concerns, stating that years ago what Mr. Ellis did was not even considered sexual harassment.

18. To the best of Ms. Haughton's knowledge, no meaningful, remedial action was taken against Mr. Ellis by Sonic.

19. To the contrary, upon returning to work, Ms. Haughton was subjected to harassment by her co-workers and management because of what she reported about Mr. Ellis.

20. Ms. Haughton's co-worker, Alexis Ellis (who is the daughter of Eric Ells) began negatively discussing Ms. Haughton's employment with the other co-workers.

Ms. Ellis stated that Sonic "would be down one cook if she had anything to do with it." Ms. Haughton understood this to mean that Ms. Ellis would do anything that she could to cost Ms. Haughton her job.

21. Approximately one week later, Ms. Haughton's manager, Shaqueeka Davis, and Alexis Ellis began to verbally harass and taunt Ms. Haughton. When Ms. Haughton refused to engage their taunts, Ms. Davis and Ms. Ellis attempted to fight Ms. Haughton. In order to de-escalate the situation, Ms. Haughton was required to contact law enforcement. Before law enforcement arrived, two of Ms. Haughton's co-workers had to restrain Ms. Davis and Ms. Ellis to prevent them from attacking Ms. Haughton.

22. Additionally, after voicing her complaints about Mr. Ellis' conduct, Ms. Haughton's hours were reduced.

### Count One - - Hostile work environment prohibited by Title VII

23. Pursuant to 42 U.S.C. § 2000e-2, it is an unlawful employment practice to, *inter alia*, discriminate against an employee because of an employee's sex.

24. At all relevant times, Sonic was an "employer" as that term is defined in 42 U.S.C. § 2000e(b).

25. At all relevant times, Ms. Haughton was a female "employee" of Sonic as that term is defined in 42 U.S.C. § 2000e(f).

26. At all relevant time, Mr. Ellis was a manager and Ms. Haughton's supervisor.

4

27. Mr. Ellis's physical assault and battery upon Ms. Haughton violates Title VII.

28. In order to establish a prima facie case for hostile work environment sexual harassment claim under Title VII, a plaintiff must show: (1) membership in a protected group; (2) unwelcome sexual harassment; (3) harassment complained of is based on sex; (4) harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action.

29. In the present case, Ms. Haughton is a member of a protected group - - female.

30. Ms. Haughton was subjected to unwelcome sexual harassment by her supervisor.

31. The harassment was based on her sex.

32. The harassment affected a term, condition or privilege of her employment in that it left her so uncomfortable, disrespected and terrified that she needed to leave work.

33. She reported the harassment to Sonic, but Sonic took no meaningful remedial action.

34. To the contrary, Sonic employees (including Shaqueeka Davis and Alexis Ellis) began a pattern of harassment in retaliation for Ms. Haughton standing up for her rights.

35. As a manager, the harassment by Shaqueeka Davis is deemed an action by Sonic.

36. Further, harassment from Ms. Haughton's co-workers took place in the presence of Shaqueeka Davis (who not only took no action to prevent it, but participated in and furthered the harassment) and is, therefore, deemed an action by Sonic.

37. As a result of the foregoing, Ms. Haughton requests a judgment against Sonic as set forth below in the *Ad Damnum* section of this Complaint.

### Count Two - - Retaliation in violation of Title VII

38. Pursuant to 42 U.S.C. § 2000e-2, it is an unlawful employment practice to, *inter alia*, discriminate against an employee because of an employee's sex.

39. At all relevant times, Sonic was an "employer" as that term is defined in 42 U.S.C. § 2000e(b).

40. At all relevant times, Ms. Haughton was a female "employee" of Sonic as that term is defined in 42 U.S.C. § 2000e(f).

41. Under Title VII, it is illegal for an employer to discriminate against any employee because the employee has opposed any practice made an unlawful

employment practice by Title VII or because the employee has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII. *See* 42 U.S.C. § 2000e-3.

42. The retaliatory actions of Sonic as described above were taken against Ms. Haughton because she opposed and complained of the misconduct of Mr. Ellis.

43. As a result of the foregoing, Ms. Haughton requests a judgment against Sonic as set forth below in the *Ad Damnum* section of this Complaint.

## Count Three - - Assault during the course and scope of employment

44. The actions described in Paragraph 21 above constitute the common law tort of assault.

45. Ms. Haughton alleges that the Sonic workers carrying out those actions were carried out in the course and scope of their employment.

46. As a result, those employees committed the assault in the course and scope of their employment, making Sonic liable for their actions.

47. As a result of the foregoing, Ms. Haughton requests a judgment against Sonic as set forth below in the *Ad Damnum* section of this Complaint.

## Ad Damnum Clause

48. As a result of the foregoing, Ms. Haughton has suffered lost wages and benefits. She has suffered emotional distress, loss of sleep, depression, and weight and hair loss.

49. For this, Ms. Haughton seeks a judgment against Defendant JA-Co Foods, Inc. for all of the actual and compensatory damages she has suffered, including:

- Lost wages and benefits;

- Emotional distress damages to be set by a jury;

- Punitive damages to be set by a jury;

- Attorneys' fees and litigation expenses;

- Prejudgment and post-judgment interest; and

- Costs of court.

for a total judgment of not less than $100,000.00.

Respectfully submitted, this the 10th day of November, 2020.

SHEARSON HAUGHTON

/s/ S. Craig Panter
S. Craig Panter

/s/ Ronald E. Stutzman, Jr.
Ronald E. Stutzman, Jr.

S. Craig Panter (MB #3999)
Panter Law Firm, PLLC
7736 Old Canton Road, Suite B (39110)
Post Office Box 2310
Madison, Mississippi 39130
Telephone: (601) 607-3156
Facsimile: (877) 442-7002
cpanter@craigpanterlaw.com

Ronald E. Stutzman, Jr. (MB #101454)
The Stutzman Law Firm, PLLC
106 Luckney Station Road, Suite B
Flowood, Mississippi 39232
Telephone: (769) 208-5683
Facsimile: (601) 202-3022
rstutzman@stutzmanlawfirm.com