IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SHEARSON HAUGHTON                                                                     PLAINTIFF

V.                                                         CIVIL ACTION NO. 1:20-cv-241-SA-DAS

JA-CO FOODS, INC d/b/a SONIC DRIVE-IN'S                                        DEFENDANT

### DEFENDANT JA-CO FOODS, INC.'S MOTION FOR SUMMARY JUDGMENT

Defendant JA-Co Foods, Inc. d/b/a Sonic Drive-in's ("Sonic" or "Defendant"), by and through counsel of record, and respectfully moves for summary judgment, pursuant to Rule 56 of the Federal of Civil Procedure. In support thereof, Defendant states as follows:

1. This action arises from Plaintiff Shearson Haughton's ("Plaintiff" or "Haughton") unsubstantiated hostile work environment, retaliation, and assault claims against her former employer, Sonic.

2. First, Haughton's hostile work environment claim stems from a single, uncorroborated incident in which she alleges that as she leaned over a trashcan to retrieve a bag that fell to the bottom of the can, Eric Ellis "humped" her as he was passing by. Sonic's General Manager, Alesha Gardner, spoke with all parties involved as part of her investigation of Haughton's claims. When Gardner spoke with Ellis, he adamantly denied Haughton's allegations. Haughton identified only one eye witness of the incident, J. A. J. A., however, informed Gardner that she did not witness any inappropriate contact between Ellis and Haughton. J. A. also stated that Haughton contacted her and demanded that she falsely testify on Haughton's behalf. In short, Haughton cannot present any evidence sufficient to establish the essential elements of her claims, and therefore, no genuine issue of material fact exists.

3. Next, Haughton alleges that her termination was in retaliation for her sexual harassment allegation. This claim, however, also fails as a matter of law. Sonic terminated Haughton's employment after Haughton erupted in an angry and threating barrage against other employees and management, yelled profanity in front of customers and refused to leave the premises when requested by management. Haughton's conduct was so alarming that other Sonic employees were concerned about their safety. Stated differently, Haughton was terminated for non-retaliatory reasons and Haughton has no evidence to suggest otherwise.

4. Finally, Haughton claims against Sonic alleging that it is liable for Haughton's allegations of assault against Ellis and other coworkers should be dismissed as a matter of law. The doctrine of respondeat superior protects employers from the acts of its employees that do not further the employer's purpose. None of the alleged actions that Haughton deems was assault were done to further Sonic's purpose. Therefore, the assault claim fails as a matter of law.

5. Considering the forgoing, Haughton cannot establish a genuine dispute of material fact to support any of her claims, and accordingly, Sonic is entitled to judgment as a matter of law on each claim.

6. In addition to the Memorandum of Authorities in Support of its Motion for Summary Judgment filed contemporaneously herewith, Defendant relies on the following evidentiary material attached hereto:

| | | |
|---|---|---|
| Exhibit A | | Excerpts of Deposition of Shearson Haughton and referenced attachments; |
| | Exhibit 9 | New Hire Form; |
| | Exhibit 10 | Employee Acknowledgement; |
| | Exhibit 11 | Aberdeen Police Department Facts & Circumstances Form; |
| | Exhibit 12 | EEOC Charge of Discrimination; |

        Exhibit 14     Book titled Bent;

Exhibit B     Declaration of Alesha Gardner and referenced attachments; and

        B-1     Employee Handbook;

        B-2     Handbook Acknowledgement;

        B-3     Job Description;

        B-4     Statement of J. A.;

        B-5     Statement of Shaqueeka Randle;

        B-6     Witness Statements;

Exhibit C     Declaration of Paul Horn and referenced attachments;

        C-1     Statement of Nita Howard; and

Exhibit D     Police Report and Dismissal.

WHEREFORE, THESE PREMISES CONSIDERED, Sonic respectfully requests, in accordance with Rule 56 of the Federal Rules of Civil Procedure, that this Honorable Court: (1) grant summary judgment in Sonic's favor; (2) dismiss Plaintiff's Complaint with prejudice in its entirety; (3) and that this Court grant such other, further, and different relief as it deems fair and just.

    This the 20th day of December, 2021.

                              Respectfully submitted,

                              **JA-CO FOODS, INC. d/b/a SONIC DRIVE-IN'S,**
                              Defendant

                              By:  */s/ Robin Banck Taylor*
                                   Robin Banck Taylor (MS Bar No. 100195)

                              ITS ATTORNEY

OF COUNSEL:

BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Post Office Box 6010
Ridgeland, MS 39158-6010
Tel: (601) 948-5711
Fax: (601) 985-4500
Email:  robin.taylor@butlersnow.com

## CERTIFICATE OF SERVICE

I, Robin Banck Taylor, hereby certify that on this date I electronically filed the above and foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

S. Craig Panter, Esq.
PANTER LAW FIRM, PLLC
7736 Old Canton Road, Suite B (39110)
Post Office Box 2310
Madison, MS 39130
Tel: (601) 607-3156
Fax: (877) 442-7002
Email: cpanter@craigpanterlaw.com

Ronald E. Stutzman, Jr., Esq.
THE STUTZMAN LAW FIRM, PLLC
106 Luckney Station Road, Suite B
Flowood, MS 39232
Tel: (769) 208-5683
Fax: (601) 202-3022
Email: rstutzman@stutzmanlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

This, the 20th day of December, 2021.

>                          */s/ Robin Banck Taylor*
>                          Robin Banck Taylor